IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH REPUBLICAN PARTY, | MEMORANDUM DECISION |
| Plaintiff, | |
| CONSTITUTION PARTY OF UTAH, | Case No. 2:14-cv-00876-DN-DBP |
| Plaintiff and Intervenor, | District Judge David Nuffer |
| v. | Magistrate Judge Dustin B. Pead |
| GARY R. HERBERT, et al., | |
| Defendants. | |

## I.     INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Dkt. 45.)  This case involves a dispute over certain changes to Utah's election law, particularly Senate Bill 54 from the 2014 legislative session. The matter is set for a preliminary injunction hearing on April 10, 2015.  (Dkt. 43.) Presently before the Court is Defendants' "Motion to Compel Plaintiff's Initial Disclosures and Request for Sanctions." (Dkt. 44.)

## II.     ANALYSIS

Defendants argue that Plaintiff's initial disclosures were incomplete because Plaintiff identified certain witnesses only by broad category, failed to provide contact information for some witnesses, and attached no documents to its disclosures. (Dkt. 44.) The failure is exacerbated because Plaintiff made its disclosures eight days late. (*Id.*) Despite numerous

attempts by Defendants to meet and confer regarding these deficiencies, Plaintiff's counsel failed to contact Defendants until being ordered by the Court. Even after being ordered, Plaintiff's counsel waited to speak to Defendants until Defendants had already filed a report detailing failed attempts to confer.[1] (Dkt. 54; *see* Dkt. 51.) Plaintiff does not dispute the substance of Defendants' motion. Instead, Plaintiff states that it is attempting to supplement its disclosures. (Dkt. 54.) Plaintiff indicates that it has already turned over 600 pages of documents and intends to produce more, along with amended initial disclosures by March 6, 2015. (*Id.*) Plaintiff asks the Court to wait to rule on the motion to compel until that date. (*Id.*) Defendants filed a reply agreeing that the motion could be deferred until March 6, but Defendants did not withdraw their motion. (Dkt. 55.)

The motions are fully briefed and the Court does not find that deferring its ruling would be helpful in moving this matter forward. It is undisputed that Plaintiff's disclosures were deficient, as well as tardy. Accordingly, Plaintiff must immediately cure these deficiencies. The parties have agreed to a deadline of March 6, 2015. The Court accepts the parties' suggestion. Thus, Plaintiff is hereby ORDERED to submit complete initial disclosures by close of business on March 6, 2015.

Notwithstanding the above, Defendants' request for sanctions is hereby DENIED without prejudice because it is premature. A party that fails to properly disclose a witness or other information is precluded from using that information at subsequent hearings or at trial, unless the failure is substantially justified or harmless (other sanctions may also be appropriate). Fed. R.

---

[1] The Court is sensitive to counsel's medical procedures and does not doubt the veracity of counsel's claims. (*See* Dkt. 54.) Yet, one of the procedures was anticipated and still counsel made no effort to reach out to Defendants to resolve the discovery issue in advance of his procedure. Further, the medical delay is only the latest in a series. Plaintiff's initial disclosures for its constitutional claims were due nearly a month ago. (*See* Dkt. 43.)

Civ. P. 37(c); *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1130 (10th Cir. 2011). Plaintiff has not indicated that it intends to use additional witnesses beyond what it has already disclosed. The Court cannot determine whether a failure to disclose is justified or harmless without knowing who or what was not properly disclosed. Additionally, with respect to the overdue documents, there has been no demonstration that Defendants will be unable to adequately digest the information prior to the preliminary injunction hearing. Indeed, the total volume of information is not yet known because Plaintiff has not yet provided everything that it intends to disclose.

### III.    ORDER

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' "Motion to Compel Plaintiff's Initial Disclosures and Request for Sanctions." (Dkt. 44.) Plaintiff must submit complete initial disclosures by close of business on March 6, 2015. After reviewing the amended disclosures and associated documents, Defendants may renew their motion for sanctions if necessary.

IT IS SO ORDERED.

Dated this 4th day of March, 2015.                    By the Court:

_____
Dustin B. Pead
United States Magistrate Judge