IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH REPUBLICAN PARTY,<br><br>    Plaintiff,<br><br>CONSTITUTION PARTY OF UTAH,<br><br>    Plaintiff and Intervenor,<br><br>v.<br><br>GARY R. HERBERT, et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00876-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

**I.    INTRODUCTION**

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 45.) This case involves a dispute over certain changes to Utah's election law, particularly Senate Bill 54 from the 2014 legislative session. Presently before the Court is Defendants' Motion in Limine Regarding the Purpose and Intent of S.B. 54. (Dkt. 75.)

**II.    ANALYSIS**

    **a.    Summary of argument**

Defendants seek to prohibit "Plaintiffs from seeking discovery, of whatever type and from whatever source, related to the purported purpose or intent of S.B. 54 . . . ." (Dkt. 75 at 2.) The motion comes in response to several attempts by Plaintiff Utah Republican Party ("UTGOP") to obtain discovery related to S.B. 54's purpose and intent from various state officials. Defendants argue that the purpose and intent of S.B. 54 are not relevant to this matter, and that even if those

Page **1** of **5**

topics were somehow helpful, S.B. 54's legislative history is available publicly. (Dkt. 75 at 6–7.) Further, Defendants urge that legislative history, and particularly testimony of individual lawmakers, is irrelevant because an otherwise constitutional election law cannot be struck down simply because it was passed with "illicit legislative motive." (*Id.* at 7.) Additionally, Defendants points out that a statute may be justified on the basis of a proffered legislative purpose regardless of whether that purpose was stated contemporaneous to passage of the law at issue. (*Id.*) Finally, Defendants do not object to discovery related to whether S.B. 54 is actually serving the legislative purposes proffered by Defendants (*e.g.* whether voter participation has increased, whether candidates have enhanced access to the ballot, and whether S.B. 54 led to a more open and honest method of selecting candidates)

UTGOP argues that legislative purpose and intent are relevant to determine whether S.B. 54 was passed for an improper purpose, particularly where there is a question about whether the law is content based. (Dkt. 91 at 7–8.) UTGOP cites several cases to demonstrate that courts consider legislative purpose and intent when deciding challenges to election laws. UTGOP argues that legislative intent is particularly relevant to the question of whether any provisions of S.B. 54 found unconstitutional could be severed from the remaining portions of the law. (*Id.* at 6.) Finally, UTGOP argues that the pleadings in this case put "at issue" the matters of legislative intent and purpose. (*Id.* at 3–6.)

    **b. Application of law**

Discovery must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Further, the Court must limit discovery when its benefit is outweighed by its burden, or when the discovery sought can be obtained through more convenient, inexpensive, or less burdensome sources. Fed. R. Civ. P. 26(b)(2)(C). When considering

relevance, the Court is guided by constitutional precedent. The Tenth Circuit has stated that "because we never require a legislature to articulate its reasons for enacting a statute, it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature." *Powers v. Harris*, 379 F.3d 1208, 1217 (10th Cir. 2004). The Tenth Circuit reasoned that it "would paralyze state governments if we undertook a probing review of each of their actions, constantly asking them to 'try again.'" *Id.* at 1218. Likewise, the Supreme Court has rejected attempts by lower courts to consider illicit motivations of legislators in the First Amendment context:

> "It is a familiar principle of constitutional law that this Court will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive . . . What motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it, and the stakes are sufficiently high for us to eschew guesswork."

*City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 48 (1986). Finally, in First Amendment cases that consider the purpose of a statute, even those challenging whether a statute is "content-neutral," the justifications of the law are provided by proffer, not competing discovery. *See, e.g.*, *Ward v. Rock Against Racism*, 491 U.S. 781, 800–01 (1989).

Here, the Court agrees with Defendants that discovery related to the purported purpose or intent of S.B. 54 does not "appear reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As demonstrated by the cases above, the purpose or intent of the statute can be established by governmental proffer. Likewise, purported improper motivations of a legislative body are not a basis on which to strike down an otherwise appropriate piece of legislation. The Court does not find the purpose or intent of S.B. 54 relevant for any other reason UTGOP suggests, as discussed in greater detail below.

Moreover, even if legislative intent or purpose became relevant in this case, the best sources of evidence exist in the public record. Of course, the best indication of legislative intent is the

law itself. *See, e.g.*, *Aldridge v. Williams*, 44 U.S. (3 How.) 9, 24 (1845) ("The law as passed is the will of the majority of both houses . . . ."). Also, the legislative history of S.B. 54 is a matter of public record. Finally, UTGOP cites no case in which a party engaged in a broad inquiry of individual lawmakers' thoughts and communications to establish the intent or purpose of a statute.[1] Thus, even to the extent the purpose or intent of S.B. 54 is relevant, the proposed discovery remains disproportionately burdensome to the utility of the information, which can be obtained from more convenient sources. *See* Fed. R. Civ. P. 26(b)(2)(C).

### c. UTGOP's counterarguments

UTGOP cites several First Amendment cases that mention legislative intent. While some language in those cases superficially appears to support UTGOP's position, a closer examination erodes that support. For example, UTGOP cites *California Democratic Party v. Jones*, 530 U.S. 576 (2000), to demonstrate that courts may consider legislative intent or purpose behind changes to state election laws. As Defendants point out; however, *Jones* did not involve discovery of legislative intent or purpose. Instead, the *Jones* court considered interests proffered by the state to support the statute in question. 530 U.S. at 582.

UTGOP also argues that legislative purpose or intent is relevant to determine whether discrete provisions of the statute may be severed from the remainder of the statute. This does not change the analysis. First, even this question can be best answered by legislative history or, better still, the text of the law itself. As Defendants point out, S.B. 54 contains an explicit severability provision. *See* Utah Code Ann. § 20A-1-103 (providing that if any provision of SB 54 is held invalid, the remainder of the law "shall be given effect without the invalid provision or application."); *Leavitt v. Jane L.*, 518 U.S. 137, 140 (1996).

---

[1] Given the broad legislative privilege afforded lawmakers, such discovery would be very difficult to obtain even assuming relevance. *E.g. Tenney v. Brandhove*, 341 U.S. 367 (1951).

Finally, UTGOP argues that the discovery will lead to admissible evidence because Defendants' denial of certain allegations in the Complaint place facts regarding legislative intent "at issue." (Dkt. 91 at 3–5.) While a complaint shapes many issues during litigation, a party cannot put a fact in issue by simply pleading it in a complaint and pointing out that the opposing party denied it. For a matter to be relevant, it must be material. *See* Fed. R. Evid. 401(b). As discussed previously, discovery related to the purpose or intent of S.B. 54 is not reasonably calculated to lead to discovery of admissible evidence, and even if some admissible evidence could be uncovered, the discovery sought is disproportionately burdensome.

### III.   ORDER

For the reasons set forth above, the Court **GRANTS** Defendants' "Motion in Limine Regarding the Purpose and Intent of S.B. 54." (Dkt. 75.) Plaintiff may not compel testimony or documents regarding the purpose or intent of S.B. 54, and may not elicit testimony related to the purpose or intent of S.B. 54.

To clarify, nothing in this decision prevents UTGOP from conducting discovery into whether any interests proffered by Defendants are actually served by S.B. 54 (*e.g.* whether voter participation has increased, whether candidates have enhanced access to the ballot, and whether S.B. 54 led to a more open and honest method of selecting candidates).

IT IS SO ORDERED.

Dated this 22nd day of April, 2015.          By the Court:

_____
Dustin B. Pead
United States Magistrate Judge