IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH REPUBLICAN PARTY,<br><br>　　　　　Plaintiff,<br><br>CONSTITUTION PARTY OF UTAH,<br><br>　　　　　Plaintiff and Intervenor,<br><br>　v.<br><br>GARY R. HERBERT, et al.,<br><br>　　　　　Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00876-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

**I.　INTRODUCTION**

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 45.) This case involves a dispute over certain changes to Utah's election law, known as Senate Bill 54 from the 2014 legislative session (and modified by Senate Bill 207 from the 2015 legislative session). The Court previously granted Senator Bramble's motion to quash both because Plaintiff Utah Republican Party ("UTGOP") failed to respond by the expedited briefing deadline, and because Senator Bramble is protected by the legislative privilege. (*See* Dkt. 106.) Presently before the Court is Plaintiff motion to reconsider that decision. (Dkt. 108.)

**II.　ANALYSIS**

Motions to reconsider, the extent such motions are recognized, are disfavored. *Whittington v. Taco Bell of Am., Inc.*, No. 10-1884, 2012 WL 3705046, at *2 (D. Colo. Aug. 27, 2012) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)); *see*

*Warren v. Am. Bankers Ins. of Fl.*, 507 F.3d 1239, 1243 (10th Cir. 2007) (stating that for twenty years, the Tenth Circuit has "admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'"). A court may reconsider a prior ruling based on "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff suggests that reconsideration is justified based upon the first and third considerations. (Dkt. 108.)

    a.  **Change in controlling law**

Plaintiff contends the law changed when the District Court purportedly made a comment during the preliminary injunction hearing on April 10, 2015. Regardless of the content of the District Court's statement during oral argument, the District Court was not considering, let alone ruling on, the motion to quash. Accordingly, there has been no intervening change in law to justify reconsideration.

    b.  **Clear error or manifest injustice**

Next, Plaintiff claims that reconsideration is necessary to prevent clear error or manifest injustice. Plaintiff recognizes that it must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." (Dkt. 116 (citing *Shields v. Shelter*, 120 F.R.D. 123 (D. Colo. 1988). Plaintiff has not sustained this burden.

 First, Plaintiff's reply conspicuously omits any mention of the Court's intervening order granting Defendants' motion in limine. (Dkt. 115.) That order prohibits any discovery concerning the purpose or intent of S.B. 54. Plaintiff does not discuss any conceivable purpose for the deposition of Senator Bramble that would not violate the terms of that order.

Next, Plaintiff only discusses the substance of the legislative privilege in a terse reference to unprivileged extra-legislative actions. The case on which Plaintiff relies is quite different than the case at bar because it involved a grand jury investigation into a Congressman's agreement to publish top-secret executive branch materials (the Pentagon Papers) though a private publishing company. *Gravel v. United States*, 408 U.S. 606, 609–613, 622–25 (1972). Plaintiff does not even attempt to show why the "compromise" it references here would fall outside the sphere of the legislative privilege, nor how it relates to the Pentagon Papers. Further, even *Gravel* recognized that the legislative privilege extends "when necessary to prevent indirect impairment of [legislative] deliberations." *Id.* at 625. Thus, Plaintiff has not sustained its burden to persuade the Court that its order should be reconsidered to prevent clear error or manifest injustice.

   c.  **Excusable neglect**

Plaintiff seeks reconsideration based upon "excusable neglect," citing to decisions under Rule 60(b). (*See* Dkt. 180 at 2.) Defendants correctly point out that excusable neglect is not the appropriate standard for a motion to reconsider.[1] Even under Plaintiff's more lenient standard, reconsideration is not justified here.

Plaintiff states that its counsel misread the Court's order expediting briefing and miscalendared the time for opposing the motion to quash. (Dkt. 108.) If counsel had not misread the order, he would have requested additional time to respond. Plaintiff indicates that expedited consideration of the motion was unnecessary because its counsel reached an agreement with Senator Bramble's counsel to postpone the deposition. Plaintiff believes the Court should have inferred such an agreement when Plaintiff filed a notice withdrawing a subpoena for Bramble to

---

[1] Courts have inherent power to reconsider interlocutory rulings. *Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). Nonetheless, it would be unwise to do so using overly-permissive standards because finality is compromised and motion practice could be unnecessarily increased.

appear at a hearing. In that notice, Plaintiff indicated it would respond to the motion to quash the deposition subpoena "under the applicable rules." (Dkt. 108 (quoting Dkt. 100).)

A review of the record demonstrates that Plaintiff's described injury is self inflicted. Plaintiff indicates it was surprised by the expedited briefing, but its own actions necessitated a compressed timeline. Plaintiff issued the deposition subpoena fewer than fourteen days before the proposed deposition. Thus, Plaintiff elected a short timeframe for resolution of any potential objections. Next, Plaintiff's cryptic statement that it would respond to Senator Bramble's motion "under the applicable rules" is insufficient to convey that a deposition has been postponed. This is particularly true where the document at issue explicitly states that a separate hearing subpoena is withdrawn and the immediately preceding sentence indicated that the "motion to quash as it concerns the deposition subpoena remains pending." Plaintiff's agreement with opposing counsel regarding the subpoena is commendable, but Plaintiff must apprise the Court of such agreements. Next, Plaintiff treads dangerously close to suggesting that the Court may not modify a briefing schedule if the parties agree to standard briefing. Such suggestion is in error. Plaintiff's notice suggested it would respond "under the applicable rules." (Dkt. 100.) Those rules allow the Court to shorten briefing periods. D.U. Civ. R. 7-1(b)(3)(B) ("The court may order shorter briefing periods . . . .").

Further, the neglect here is less excusable in light of prior missed deadlines. Plaintiff concedes this is not the first time it has missed a deadline. (Dkt. 108 at 5.) Nor is this the first time the Court has admonished Plaintiff to observe deadlines. (*E.g.* Dkt. 56 at 2 n.1.) Plaintiff attempts to stack the times it has complied with deadlines against times it has not, attempting to justify its admitted neglect here. Plaintiff's compliance with some deadlines does not entitle it to miss other deadlines. Litigation deadlines are not idle suggestions; they are critical to orderly

litigation. Thus, Plaintiff has not demonstrated a proper basis for the Court to reconsider its prior order quashing the deposition subpoena served on Senator Bramble.

### III. ORDER

Based on the foregoing, Plaintiff's motion to reconsider is **DENIED**. (Dkt. 108.)

IT IS SO ORDERED.

Dated this 28th day of April, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge