IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH REPUBLICAN PARTY,<br><br>    Plaintiff,<br><br>CONSTITUTION PARTY OF UTAH,<br><br>    Plaintiff and Intervenor,<br><br>    v.<br><br>GARY R. HERBERT, et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00876-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

## I.   INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 45.) This case involves a dispute over certain changes to Utah's election law, primarily Senate Bill 54 from the 2014 legislative session. The Court previously granted Defendants' motion in limine, precluding discovery of the purpose or intent of S.B. 54. (Dkt. 115; *see* Dkt. 134 (denying objection).) Presently before the Court is Plaintiff's motion to compel discovery and for sanctions. (Dkt. 80.)

## II.   ANALYSIS

### a.   Summary of Argument

Plaintiff Utah Republican Party ("UTGOP") moves to compel testimony from Defendants' Rule 30(b)(6) designee, Mr. Thomas, as well as additional initial disclosures. UTGOP also requests sanctions. (Dkt. 80.) UTGOP asserts that Defendants' counsel improperly instructed Mr. Thomas not to answer certain questions during his March 20, 2015, deposition. While the Court disposed of several of UTGOP's arguments when it granted Defendants' motion in limine while

this motion was pending (*See* Dkt. 115.), UTGOP argues in its reply that it is entitled to some testimony notwithstanding the Court's prior order. (Dkt. 119.) Finally, UTGOP argues that Defendants' initial disclosures are deficient because Defendants assert "factual positions that have no support in the record of this case." (Dkt. 80 at 3.) UTGOP also seeks fees and sanctions.

Defendants argue that UTGOP acted improperly when it noticed the deposition of the Office of the Lieutenant Governor and/or Elections and Voting because UTGOP designated Mr. Thomas to testify about several topics. (Dkt. 114.) Defendants argue that, while UTGOP may identify deposition topics, it is Defendants' prerogative to designate a witness to testify about a given topic. Additionally, Defendants point out that, two days after UTGOP served the deposition notice, Defendants filed a written objection to four topics identified in the notice. During the deposition, Defendants' counsel asked UTGOP's counsel to refrain from asking questions about the objectionable topics until the parties could obtain a ruling from the Court.[1] Finally, Defendants argue that sanctions are inappropriate because their position was substantially justified. They conclude that it is UTGOP who should be required to pay Defendants' expenses incurred opposing UTGOP's motion.

### b. Analysis of Mr. Thomas's deposition

#### 1. Substance of UTGOP's motion to compel

UTGOP analyzes several issues previously decided in this Court's prior order granting Defendants' motion in limine. That matter is concluded and will not be revisited here. UTGOP goes on to argue, however, that the information it seeks falls outside the scope of the Court's prior order. Defendants quote a portion of that order stating, "nothing in this decision prevents [UTGOP] from conducting discovery into whether any interests proffered by Defendants are

---

[1] Defendants later filed a successful motion in limine addressing these issues. (*See* Dkt. 75.)

actually served." (Dkt. 119 at 3 (quoting Dkt. 115).) UTGOP then lists the topics to which Defendants objected. UTGOP does not attempt to explain how these topics, or the associated deposition questions, are related to a permissible area of inquiry. It is incumbent on UTGOP to distinguish the topics here because these same topics were already addressed in the parties' briefing on the motion in limine. (*See* Dkt. 75 at 3; Dkt. 91 at 5–6.) The Court concluded that discovery into these matters was unwarranted. (Dkt. 115.) The topics listed and the questions to which the State objected are not facially related to whether the interests Defendants proffered are served by S.B. 54. In fact, the opposite is true for some topics. One topic calls for "the intent of SB54." Even though this topic facially violates the Court's prior order, UTGOP still apparently seeks to compel testimony on the issue. The Court will not revisit its prior ruling and UTGOP has not demonstrated that it is otherwise entitled to the testimony it seeks here.

Additionally, the Court's review of portions of the deposition transcript suggests that UTGOP was allowed to explore whether the Defendants' proffered interests were served. For example, Defendants proffered improved voter turnout as an interest served by S.B. 54. (Dkt. 71 at 54.) Mr. Thomas testified about his office's views regarding voter turnout and counsel did not instruct the witness to refrain from answering. (*See* Dkt. 69-3 ("Thomas Tr.") at 205:6– 210:15.) Instead, Mr. Thomas was instructed not to answer questions asking him to: identify his office's interest in implementing S.B. 54, discuss communications with lawmakers, and provide "the reasons as to why SB54 was passed." (Thomas Tr. 69:3–70:19, 73:24–74:22, 71:21–72:2.) The Court already precluded inquiry into these topics when it granted Defendants' motion in limine.[2]

---

[2] While the Court's shorthand reference to the "purpose or intent" of S.B. 54 does not explicitly reference communications with lawmakers, the Court discussed the impropriety of seeking discovery of these communications in its prior order. (*See* Dkt. 115 at 3–4.)

Thus, while Mr. Thomas did not identify his office's interest during his deposition, he apparently did answer questions about how the proffered interests are served.

Next, UTGOP argues that its motion must be granted to allow UTGOP to discover evidence of the harm it has suffered as a result of S.B. 54. The Court does not disagree that UTGOP may discover information bearing on the harm it has suffered. Similar to its previous argument, however, UTGOP does not explain how the topics and questions at issue serve their stated goal of discovering their harm. Instead, those topics and questions appear to seek the purpose or intent of S.B. 54 as outlined in the Court's prior order on Defendants' motion in limine.

2. Procedural irregularities

UTGOP understandably takes issue with Defendants' instruction to Mr. Thomas to not answer certain deposition questions; however, UTGOP ignores several of its own actions that precipitated this instruction. UTGOP served the deposition notice only three days before the deposition was taken. (*See* Dkt. 114, Ex. A.) UTGOP's notice sought to "take the deposition of Mark Thomas, as the designated representative of the Office of Lieutenant Governor and/or Elections and Voting ("Office") . . . ." (Dkt. 75-1.) The notice sets forth the topics about which UTGOP sought testimony from the Office. Rather than upset the discovery schedule, the parties went forward with the deposition, although Defendants filed a written objection to topics eight, ten, eleven, and twelve, the day prior to Mr. Thomas's deposition. (Dkt. 62.). When UTGOP began to question Mr. Thomas about the objectionable topics, counsel for Defendants instructed him not to answer the questions. (*See* Thomas Tr. at 69–82.)

Defendants correctly point out that it is their prerogative to choose a witness to testify on topics contained in a 30(b)(6) deposition notice. *See* Fed. R. Civ. P. 30(b)(6) ("The named organization must then designate one or more . . . persons who consent to testify on its behalf;

and it may set out the matters on which each person designated will testify."). Here, UTGOP attempted to assign the topics about which Mr. Thomas would testify. This is improper. Yet, this is a bit of a red herring. Defendants objected to providing the information because it is irrelevant. Thus, Defendants object to providing it, regardless of the witness's identity.

Nonetheless, given that the notice was sent only three days before the deposition, the Court is not prepared to impose sanctions on Defendants because their conduct was understandable, given the circumstances. While the parties agreed upon the deposition date informally, UTGOP served its notice containing the proposed topics only three days before the deposition. Under a strict application of the Rules of Civil Procedure, Defendants should have filed a motion for protective order in advance of the deposition, but this would have resulted in an automatic stay of the deposition. *See* D.U. Civ. R. 26-2(b). UTGOP has not suggested that it would have preferred such a delay. Indeed, such a course presumably would have caused more problems than it solved for UTGOP because the preliminary injunction hearing was scheduled for (and occurred on) April 10, 2015. Likewise, even if the parties sought expedited briefing, it would have been impractical to complete briefing and obtain a meaningful ruling from the Court in advance of the deposition set to begin less than seventy-two hours after UTGOP sent the deposition notice. Of course, UTGOP could have mitigated this issue by providing Defendants with earlier notice of the deposition topics. UTGOP attempts to sidestep these issues in their briefing, but these matters provide important context of Defendants' refusal to provide testimony. The alternative would have delayed the deposition.

Additionally, Defendants did not sit idly by and surprise UTGOP at the deposition. Defendants provided UTGOP with immediate notice of their contention by filing an objection the day prior to the deposition. (Dkt. 62.) Defendants also sought a Court order after the

deposition, filing a Rule 26 motion seeking to preclude inquiry into the identified topics (as well as any other attempt to discover the intent or purpose of S.B. 54). Although their motion was styled as a motion in limine, rather than a motion for protective order, the substance of the motion sought protection from further discovery of the objectionable topics. (*See* Dkt. 75.)

Based on the circumstances here, the Court will not impose sanctions on Defendants for instructing Mr. Thomas not to answer questions during the 30(b)(6) deposition. Nonetheless, the Court is less than enthusiastic about instructions to not answer deposition questions unless those objections are directly tied to the justifications provided in Rule 30(c)(2). In other circumstances the Court might be inclined to grant a motion to compel and possibly even impose sanctions. The Court only declines to do so here given these unique circumstances. Defendants only had three days to address this problem before the deposition. Defendants followed a course of action that immediately provided notice of their objection to their opponent, allowed for expedient, meaningful, inquiry of the witness, and sought an order from the Court as soon as practicable on the merits of their objection. Likewise, the problem here becomes merely procedural because Defendants' motion in limine was successful[3] and the Court does not find any substantive reason to compel further testimony, as discussed previously.

### c. Analysis of Defendants' initial disclosures

UTGOP's arguments to compel further disclosures have also been rendered moot by the Court's decision on Defendants' motion in limine. As stated in the Court's order on that motion, "justifications of [challenged legislation] are provided by proffer, not competing discovery." (Dkt. 115 (citing *Ward v. Rock Against Racism*, 491 U.S. 781 (1989).

---

[3] (*See* Dkt. 115, 134.)

More problematic, UTGOP does not identify any information Defendants possess that they have not turned over. Of course, if UTGOP later identifies information that Defendants are presently withholding, such conduct can be addressed by a motion to exclude the undisclosed evidence at the time UTGOP becomes aware of it. Defendants are required to disclose witnesses and information they may use "to support [Defendants'] claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). Failure to make proper disclosures may result in exclusion of evidence from subsequent hearings. *See* Fed. R. Civ. P. 37(c)(1). Defendants are admonished to bear this in mind and make appropriate supplemental disclosures of information as this case progresses.

### d. Sanctions

The Court must award reasonable expenses incurred in opposing an unsuccessful motion to compel, unless the motion was substantially justified or the award is otherwise unjust. Fed. R. Civ. P. 37(a)(5)(B). Here, the Court finds the motion to compel was substantially justified and an award of expenses is unjust. First, at the time UTGOP filed their motion to compel, there had been no decision on Defendants' motion in limine. While the outcome of that motion has determined a large number of the issues UTGOP raises in its motion to compel, its position when this motion was filed was substantially justified. Second, while the Court ultimately concluded that Defendants' conduct does not merit sanctions, it likewise merits no praise. Defendants instructed their witness to not answer questions prior to obtaining any order from the Court. While ultimately the Court has declined to compel testimony or issue sanctions against Defendants, the Court will not validate Defendants' instruction through an award of expenses.

### III. ORDER

Based on the foregoing, Plaintiff's Motion to Compel Discovery and for Sanctions is **DENIED**, including both parties' requests for an award of expenses. (Dkt. 80.)

IT IS SO ORDERED.

Dated this 25th day of June, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge