Collin R. Simonsen (12661)
Gregory M. Simonsen (4669)
FETZER SIMONSEN BOOTH & JENKINS, P.C.
50 West Broadway, Suite 1200
Salt Lake City, UT  84101
Telephone:     (801) 328-0266
Facsimile:      (801) 328-0269
collin@mountainwestlaw.com
greg@mountainwestlaw.com

*Attorneys for Plaintiff and Intervenor Constitution Party of Utah*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH REPUBLICAN PARTY,<br><br>    Plaintiff,<br><br>CONSTITUTION PARTY OF UTAH, a registered political party of Utah,<br><br>    Plaintiff and Intervenor,<br><br>v.<br><br>GARY R. HERBERT, in his official capacity as Governor of Utah, and SPENCER J. COX, in his official capacity as Lieutenant Governor of Utah,<br><br>    Defendants. | **RULE DUCivR 16-3(b) MOTION FOR SETTLEMENT CONFERENCE AND FOR AN ORDER TO MEDIATE**<br><br><br>Case No. 2:14-cv-00876 DN<br><br>Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

The Constitution Party of Utah hereby moves that the Court refer this matter to Magistrate Judge Pead for the scheduling of a settlement conference pursuant to local rule DUCivR 16-3(b) and Rule 16(a)(5) of the Federal Rules of Civil Procedure and that the Court

refer the parties to mediation pursuant to DUCivR 16-2 with Magistrate Judge Pead as the "ADR Compliance Judge."

Rule DUCivR 16-3(b) provides that the district judge may refer a case to a magistrate judge for the purpose of undertaking a settlement conference. The magistrate judge may require the presence of the parties (not just counsel) and the Constitution Party of Utah requests that he so do.

A settlement conference may be very helpful in bringing about a settlement among the parties. It is the opinion of the Constitution Party of Utah that the barriers to settlement are surmountable. It will merely take energy and resolve to reach settlement. That is why the magistrate judge's involvement could be helpful in encouraging the parties to make progress to the end goal.

Judge Nuffer has made comments regarding the merits of this case that should be helpful to the parties in settlement. For example, at the hearing on April 10, 2015, he said:

> It is a severe burden on freedom of association as applied to political parties to require them to allow unaffiliated voters to vote because of forcing association. The cases, the thread which I follow in the cases is that the State may not force unwanted association on political parties. The political parties don't have unfettered freedom to decide every aspect of the election of the process, but a state does go too far when it forces the party to associate with others involuntarily… This is potentially the only severe burden that I see… Section 9-101-12A, the definition requiring parties to allow unaffiliated voters in primaries under the qualified political party option may fail in an as applied challenge. My concern about severability is 20A-9-406(1)(a). I think the participants in this lawsuit need to look at that provision.

Transcript of Proceedings, April 10, 2015 at 125:11-19 and 127: 1-2, 12-16.

Given the indications of how this case may conclude, the parties would be well served to settle along the lines indicated by Judge Nuffer and avoid the expense of expert witnesses, further depositions, and trial.

One obstacle to the settlement is the fact that it may require the participation of the Utah State Legislature. An important ingredient in a settlement would likely be a willingness for the governor to call a special session of the legislature to discuss the settlement and (hopefully) pass legislation necessary to give effect to it. A settlement conference would be helpful to encourage all of the parties to do what is necessary to make this happen.

For a settlement conference or mediation to be successful, it would be best if members of the leadership of the legislature were to attend. Therefore, although the conference or mediation should be confidential, leading members of the State Senate and House of Representatives should be invited. The magistrate judge should consider requesting that the governor invite them to the conference and/or mediation and allow them to participate in discussions. In a confidential setting, these members of the legislature can inform the parties about legislation they may be willing to propose or support that might bring this matter to an amicable close.

Mediation would be helpful, in conjunction with, or in place of, a settlement conference. A skilled mediator is exactly what this case is asking for. With many political and social interests involved, a skilled mediator can propose creative solutions and assist parties in giving up unnecessary positions. The Court should order the parties to agree to a mediation date or dates.

Because political parties must begin complying with SB54 in the near future, it would be prudent to have the settlement conference and mediation as soon as possible. With a quick

schedule for ADR, the parties could wait to submit expert reports until September 15 and possibly eliminate the expense of doing so but leave enough time in the litigation schedule for trial later this year.

DATED this 31st day of July, 2015.

FETZER SIMONSEN BOOTH & JENKINS, P.C.

/s/ Collin R. Simonsen