IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTAH REPUBLICAN PARTY,<br><br>               Plaintiff,<br><br>CONSTITUTION PARTY OF UTAH, a<br>registered political party of Utah,<br><br>            Plaintiff and Intervenor,<br>v.<br><br>GARY R. HERBERT, in his Official Capacity<br>as Governor of Utah, and SPENCER J. COX,<br>in his Official Capacity as Lieutenant Governor<br>of Utah,<br><br>             Defendants. | **MEMORANDUM DECISION AND<br>ORDER DENYING MOTION TO STRIKE<br>AND DECISION ON ORDER TO SHOW<br>CAUSE**<br><br><br><br>Case No. 2:14-CV-00876-DN-DBP<br><br>District Judge David Nuffer<br>Magistrate Judge Dustin B. Pead |

On October 13, counsel for Governor Herbert and Lieutenant Governor Cox ("State")

filed a motion to strike ("Motion to Strike")[1] the Utah Republican Party's ("URP")

memorandum in opposition[2] to the State's motion for summary judgment.[3] On October 16, after

a response was received from the URP, the Motion to Strike was denied on the docket with an

indication that a written order was to follow.[4] This memorandum decision is the written order.

For the reasons set forth below, the Motion to Strike is DENIED.

On October 15, an Order to Show Cause was entered, directing Mr. Mumford, counsel

for the URP, to "file a response on or before October 20, 2015 at 4:00 p.m. to show cause why he

---

[1] Defendants' Motion to Strike the Utah Republican Party's Memorandum in Opposition to Motion for Summary Judgment ("Motion to Strike"), docket no. 178, filed October 13, 2015.

[2] Memorandum in Opposition to Defendants' Motion for Summary Judgment, docket no. 176, filed October 9, 2015.

[3] Defendants' Motion for Summary Judgment and Memorandum in Support, docket no. 162, filed September 21, 2015.

[4] Docket Text Order Denying Motion to Strike, docket no. 186, entered October 16, 2015.

should not be held in contempt and appropriately sanctioned including possible disqualification from further representation in this case . . . ."[5] A timely Response from Mr. Mumford was received as ordered at 4:00 p.m. on October 20.[6] This memorandum decision and order also resolves the Order to Show Cause.

## BACKGROUND

A Scheduling Order for this case was entered in February 2015. The Scheduling Order required dispositive motions to be filed on or before September 21, 2015; responses to those motions to be filed on or before October 9, 2015; and replies to be filed on or before October 19, 2015.[7] This shortened schedule for briefing and argument of dispositive motions was set based on the need to resolve this case in a timely manner, if at all possible, before the start of the 2016 Utah Legislative Session. The Scheduling Order provided that all deadlines, unless otherwise stated, were 4:30 p.m.

On September 21, 2015 at 11:59 p.m., after the other parties had timely filed their dispositive motions, the URP filed a motion[8] to extend the dispositive motion deadline for one day. The court granted the motion, but warned that "failure to file the motion today [September 22] will result in any late-filed motion being stricken and entirely disregarded."[9] Nothing was filed on September 22, 2015.

---

[5] Order to Show Cause, docket no. 182, filed October 15, 2015 (emphasis omitted).

[6] Plaintiff's Response to the Court's Order to Show Cause Re: Contempt [182] and Request that the Court Correct Its Misstatements of Record ("Response"), docket no. 192, filed October 20, 2015.

[7] Scheduling Order at 5-6 ¶5, docket no. 43, entered February 17, 2015.

[8] Plaintiff's Motion to Enlarge Time to File Motion for Summary Judgment, docket no. 165, filed September 21, 2015.

[9] Docket Text Order, docket no. 166, entered September 22, 2015.

On September 23, 2015 at 12:02 a.m., the URP filed a motion for summary judgment.[10] It contained 38 pages and did not include exhibits. At 1:44 p.m. on September 23, without leave of court, and without any motion for leave, the URP filed a "corrected" motion for summary judgment.[11] The "corrected" motion contained a total of 288 pages including exhibits. Because the late filing was not "the first, second, third, or even tenth time Plaintiff's counsel had missed a deadline in this case," the URP's motion for summary judgment and related materials were stricken from the record pursuant to the September 22 docket text order.[12] The result of the striking of the URP's motion for summary judgment was that only the Constitution Party's and the State's motions for summary judgment remained. Opposition to those motions was to be filed on or before October 9.[13]

On October 9 at 1:01 p.m., URP's counsel sent an email to the State's counsel and the Constitution Party's counsel requesting a one-day extension to file URP's opposition to the State's motion for summary judgment.[14] Counsel for the Constitution Party immediately replied to the email, stating it had no objection to the proposed extension. Counsel for the State, however, replied as follows:

> Marcus:
>
> I apologize for not responding to your email sooner. I was involved in a hearing before Judge Waddoups today.
>
> Monday, October 12th, is a holiday (Columbus Day). Accordingly, your request for a one-day extension of time will result in your opposition being filed on

---

[10] Plaintiff Utah Republican Party's Motion for Summary Judgment, docket no. 167, filed September 23, 2015.

[11] [Corrected] Plaintiff Utah Republican Party's Motion for Summary Judgment, docket no. 168, filed September 23, 2015.

[12] Order Striking [167] Motion for Summary Judgment and [168] Corrected Motion for Summary Judgment, docket no. 171, filed September 24, 2015.

[13] Scheduling Order at 6.

[14] Email from Marcus Mumford, attached as Exhibit 1 to Plaintiff's Opposition to Defendants' Motion to Strike [178] ("October 9 Emails") at 2, docket no. 185-1, filed October 16, 2015.

Tuesday, October 13th. So, practically speaking, you are asking for a 4-day extension of time.

Pursuant to the Court's scheduling order, my reply to your opposition is due on October 19th. I too have other work-related responsibilities. Accordingly, I had planned on preparing my reply memorandum over the weekend (October 10th, 11th and 12th), so that I can address other issues in other cases next week. But, if I don't have your opposition until next Tuesday, I can not utilize this weekend (and the holiday) to prepare my reply. It is on this basis that I will not consent to your request for an extension of time and respectfully ask that you comply with the Court's briefing schedule.[15]

URP's counsel then asked if he "filed by tomorrow at midnight – you suffer same prejudice? Or we both get what we want?"[16] Counsel for the State did not respond.

That same day, October 9, at 11:54 p.m., URP filed its memorandum in opposition to the State's motion for summary judgment.[17] The memorandum contained 44 pages and did not include exhibits. URP filed a separate appendix to its memorandum on October 10 at 12:09 a.m.[18] The appendix contained exhibits totaling 261 pages.

After receiving the URP's memorandum in opposition and separate appendix, the State moved to strike both filings.[19] The State argued that counsel for URP has continually ignored deadlines in this case, and the memorandum in opposition is no exception. The State argued that even though the memorandum in opposition was due at 4:30 p.m., and even though Mr. Mumford had been sanctioned just days before the memorandum in opposition was due, Mr.

---

[15] *Id.* at 1.

[16] *Id.*

[17] Memorandum in Opposition to Defendants' Motion for Summary Judgment, docket no. 176, filed October 9, 2015.

[18] Appendix to Memorandum in Opposition to Defendants' Motion for Summary Judgment, docket no. 177, filed October 10, 2015.

[19] Motion to Strike, docket no. 178, filed October 13, 2015.

Mumford still filed the URP's memorandum in opposition after it was due. The State contends that "further sanctions are warranted."[20]

Mr. Mumford disagrees. He argues that sanctions should not be imposed on him for missing deadlines when other parties in the case have missed deadlines "repeatedly, without leave of court."[21] He argues that the 4:30 deadline in the Scheduling Order has been disregarded in the past, so his late filing should be excused. He claims "it would be improper for the Court to punish the Party [for missing the 4:30 p.m. filing deadline] where the other parties to this action have engaged in the same conduct without issue and where the Court has previously given no indication that such conduct was unacceptable."[22] Mumford contends that the Motion to Strike is not properly brought under Rule 12(f) of the Federal Rules of Civil Procedure[23] or Local Rule 7-1.[24] He asserts that motions to strike are drastic and disfavored, and should not be granted when they are based on "mere technicalities."[25] And he argues there is "no actual prejudice" to the State, no interference with the judicial process, and no culpability on his part for filing his opposition only "a matter of hours after 4:30 pm."[26]

---

[20] *Id.*

[21] Plaintiff's Opposition to Defendants' Motion to Strike [178] ("Opposition to Motion to Strike") at 1, docket no. 185, filed October 16, 2015 (emphasis omitted).

[22] *Id.* at 11.

[23] Fed. R. Civ. P. 12(f).

[24] DUCivR 7-1.

[25] Opposition to Motion to Strike at 7.

[26] *Id.* at 7-10.

## STANDARD FOR A MOTION TO STRIKE

"District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion."[27]

Although the State brings its Motion to Strike "[p]ursuant to Fed. R. Civ. P. 12(f) and DUCivR7-1,"[28] neither of those rules is the appropriate basis for the Motion. That is because Rule 12(f) deals with *pleadings*, not oppositions to motions,[29] and DUCivR 7-1 does not provide an express right to strike an opposition that is filed untimely.[30] However, this does not mean that the Motion to Strike is *barred* by the rules either. A federal trial court has *inherent* authority to manage its docket.[31] This inherent authority includes the ability to strike untimely motions and oppositions.[32] The three factors that guided the parties briefing are: "(1) the degree of actual prejudice to the [State]; (2) the amount of interference with the judicial process; [and] (3) the culpability of the [URP] . . . ."[33] These three factors will be used to determine whether to strike the URP's opposition.

## DISCUSSION

### 1. Prejudice

The State argues that while prejudice "is not the most relevant or applicable factor" under these circumstances, there is "some measure of prejudice" caused by the URP's untimely

---

[27] *U.S. v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993).

[28] Motion to Strike at 2.

[29] *See* Fed. R. Civ. P. 12(f) ("The court may strike *from a pleading* . . . ." (emphasis added)).

[30] *See* DUCivR 7-1.

[31] *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962).

[32] *Id.*

[33] *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988). Although *Hancock* dealt with the question of whether to *dismiss* a plaintiff's action "based on failure to respond to the opposing parties' motion," these factors are instructive on whether to strike the URP's untimely motion.

filing.[34] The State argues that it was relying on the schedule set forth in the Scheduling Order,
and needed the opposition filed on time on October 9 because it planned to work on its reply on
the 10th, 11th, and 12th in order to have the 12th through 19th available for other work-related
duties. The State also argues that the URP "gained the advantage of seeing Defendants'
opposition to the Constitution Party's motion for summary judgment prior to preparing and
submitting its opposition to Defendants' motion for summary judgment."[35]

    Mr. Mumford rejects these arguments, stating that there is "no actual prejudice," and "not
even 'some measure of prejudice.'"[36] He cites to *Murray v. Archambo* for support that a one-day
delay cannot possibly be considered prejudicial.[37] He also states that "federal court is not a
forum in which disputes are resolved through the element of surprise[,]"[38] so "Defendants cannot
claim actual prejudice simply because they showed their cards first."[39]

    *Murray* does not support Mr. Mumford's contentions. In that case, a federal district court
had dismissed a *pro se* plaintiff's case after the *pro se* plaintiff did not respond to the defendants'
motions to dismiss the plaintiff's amended complaint "because he had not sought leave of court
or secured the consent of defendants before filing it."[40] The Tenth Circuit reversed the dismissal,
finding the district court abused its discretion because the plaintiff's response to the motion to
dismiss *was actually timely mailed*.[41] There is no indication the URP's opposition memo was

---

[34] Motion to Strike at 4.

[35] *Id.* at 4-5.

[36] Opposition to Motion to Strike at 8.

[37] *Id.* at 9 (citing *Murray v. Archambo*, 132 F.3d 609 (10th Cir. 1998)).

[38] Opposition to Motion to Strike at 9 (citing *Wheeler v. Aliceson*, Case No. 1:12-cv-860, 2015 WL 3507369, at *5 (E.D. Cal. June 3, 2015) (slip copy)).

[39] Opposition to Motion to Strike at 9.

[40] *Murray*, 132 F.3d at 610.

[41] *Id.* at 611.

actually timely mailed. It was electronically filed after the deadline. More importantly, Mr. Mumford is not a *pro se* plaintiff. He is a licensed attorney who has an obligation to comply with court-imposed deadlines and who had been warned about missing deadlines.

There was little actual prejudice by his untimely filing because the opposition was received the same day it was due, even if it was after the 4:30 deadline. While under Mr. Mumford's original proposal that was emailed to the State's attorneys, there was *potential* prejudice in having to wait an extra four days to get the opposition this proposal was rejected and the opposition was filed on October 9. Therefore, the State was deprived only of a few hours of preparation on Friday evening, between 4:30 p.m. and the time Mr. Mumford actually filed the opposition, 11:54 p.m. Mr. Mumford is also correct that there is little prejudice by his ability to see the State's response to the Constitution Party's motion for summary judgment a few hours before submitting his own. Thus, the prejudice factor does not weigh in favor of striking the opposition.

### 2.  Interference with judicial process

The State does not expressly address this factor, but Mr. Mumford again cites to *Murray* and argues that a one-day delay cannot constitute interference with the judicial process.[42] However, the *Murray* decision does not state that, as a matter of law, a one-day delay does not interfere with the judicial process. Rather, the *Murray* court stated that under the *specific circumstances of that case*, there was no interference with the judicial process.

Here, however, Mr. Mumford's late filing actually *has* interfered with the judicial process because the State's reply deadline was moved to September 21 because of his late filing and this motion to strike. This has decreased the time the court has to prepare for the upcoming

---

[42] Opposition to Motion to Strike at 9-10.

arguments on summary judgment, and has misdirected focus away from substantive issues. Issues of non-compliance with clear orders needlessly consume judicial resources. If the URP's opposition had been filed at 4:30 on October 9, when it was due, no motion to strike would have been filed and no subsequent deadlines would have been moved. In that scenario, the full time to address and resolve the substantive issues raised in the motions for summary judgment would have been available to the court. This factor weighs in favor of striking the untimely opposition.

### 3. Culpability

The final factor is Mr. Mumford's culpability in making the late filing. Mr. Mumford suggests that since other counsel in this case have failed to comply with the 4:30 p.m. deadline in the past, his behavior is less culpable.[43] This confuses the issue. The issue is *Mr. Mumford's* failure to comply with deadlines, not other counsel's alleged failure to comply with deadlines. And although Mr. Mumford claims "the Court has never taken issue with papers filed after 4:30 pm," this also confuses the issue because the issue is *not* "4:30 deadlines;" it is the general lack of compliance with any deadline, regardless of time of day. Furthermore, this is the first time the 4:30 deadline, in particular, has been raised which explains why the court has not "taken issue with papers filed after 4:30.".

The actual problem, and the principal reason the Order to Show Cause was entered, is Mr. Mumford's inability to comply with deadlines. He has missed *multiple* deadlines and was specifically told prior to the September 24 Order that "failure to file [his motion for summary judgment timely] will result in any late-filed motion being stricken and entirely disregarded."[44] In the face of that notice, he failed to file his motion for summary judgment on time and his

---

[43] *Id.* at 10.

[44] *See* Table attached to Order Striking [167] Motion for Summary Judgment and [168] Corrected Motion for Summary Judgment, docket no. 171, entered September 24, 2015.

motion for summary judgment was stricken. About two weeks after his motion was stricken, Mr. Mumford missed the deadline to file his opposition to the State's summary judgment motion. This behavior shows serious and concerning culpability on the part of Mr. Mumford.

Mr. Mumford points to an email exchange between himself and the State's counsel as grounds for the late filing. But this email exchange does not excuse Mr. Mumford's late opposition because he did not obtain agreement from the State's attorneys to file after the deadline. The email from opposing counsel specifically stated that no extension would be granted, yet Mr. Mumford apparently took this to mean that as long as he filed before the 10th, he would meet his obligation. However, this course of action disregards the appropriate procedure when opposing counsel does not agree to an extension. Accordingly, Mr. Mumford's culpability is high, and weighs in favor of striking his late opposition.

Additionally, Mr. Mumford's repeated practice of filing near the deadline, without exhibits, and filing later substantive amendments and supplementations is unacceptable. Although Mr. Mumford attempts to minimize its importance by arguing that other parties have done so in the past, the practice of filing at a deadline and later amending, or filingwithout exhibits deprives other parties and the court of a full filing, and is a subterfuge. Again, Mr. Mumford's attempt to argue that other parties have engaged in similar behavior *does not excuse Mr. Mumford's actions*.

In the end, two of the three factors above weigh in favor of striking Mr. Mumford's untimely opposition. However, there are other factors that weigh *against* granting the Motion to Strike. Unlike the URP's untimely motion for summary judgment which was stricken, here, there was no express warning from the court that failure to file the opposition on time would result in it being stricken. Such a notice is not required to be provided before exercising the court's

inherent power to strike, but the fact that no express notice was given with respect to the opposition distinguishes it from the motion for summary judgment that was stricken. Also, there is a "strong predisposition to resolve cases on their merits."[45] The State argues that the motions for summary judgment can be resolved on their merits even without the URP opposition, or even with no opposition at all,[46] but striking the opposition will deprive the URP from having any voice during the motion for summary judgment stage. This is too prejudicial to the URP. The opposition will be allowed to stand. The State's Motion to Strike is DENIED.

**DECISION ON ORDER TO SHOW CAUSE**

Mr. Mumford's Response to the Order to Show Cause advances similar arguments as his Opposition to the Motion to Strike. He argues that he should not be sanctioned further for his lack of compliance with deadlines because opposing counsel has missed deadlines as well, because he has had emergencies at work and home, and because the court's list of missed deadlines that was attached to the order striking the URP's motion for summary judgment is inaccurate.[47] Mr. Mumford details situations where opposing counsel missed deadlines or misrepresented facts dealing with Mr. Mumford's behavior. He also explains that he was ordered by Judge Sam to prioritize a separate criminal case above this one. (But Mr. Mumford never disclosed this on the record.) And he explains that he has had to deal with "unanticipated exigencies at work and home as a result of [his] special needs son being in the pediatric ICU for almost two weeks, and the burdens of a small firm law practice."[48]

Some of these reasons have been raised before, such as work load and medical emergencies, and the court has been considerate of those issues when granting previous

---

[45] *Hancock*, 857 F.2d at 1396.

[46] Motion to Strike at 5-6.

[47] *See generally* Response.

[48] Response at 2.

extensions. However, there is a significant difference between raising those issues *before a deadline has passed* as a reason for an extension, and raising them as justification for missing deadlines *that have already passed*, as he seeks to do now. The appropriate course of action when opposing counsel does not stipulate to an extension is to request leave from the court *before the deadline has lapsed* or comply with the deadline. Choosing to disregard a deadline is sanctionable conduct.

Deadlines have been set on a shortened schedule due to the unique circumstances this case presents. There is a potential that SB54, or provisions of SB54, could be found unconstitutional. If so, such a decision needs to be rendered before the next legislative session in Utah, otherwise there is a risk that elections held in 2016 will be interrupted, litigated, or invalidated. The deadlines in this case were set in February with that in mind, giving the parties *months* of notice to comply. Mr. Mumford's client filed this case, and seeks relief from the court, yet no one has filed as many motions to extend deadlines as Mr. Mumford, and no one besides Mr. Mumford has received, or needed to receive, specific instruction on the need to comply with the deadlines. Even after express notice and recent sanctions, Mr. Mumford has failed to comply. Mr. Mumford should not need to be reminded that deadlines are important in litigation. Furthermore, Mr. Mumford fails to acknowledge that he has received several extensions of time, yet has missed deadlines even after those extensions were granted. Many times the extended deadlines were suggested by Mr. Mumford himself.

It is irrelevant that other counsel may have missed deadlines. And although Mr. Mumford would like to attempt to find fault with the court's list of missed deadlines, the fact remains that he has missed multiple deadlines. Not until this most recent filing has Mr. Mumford mentioned anything about Judge Sam's order to prioritize the criminal case above all other civil cases. But

even if Mr. Mumford had mentioned the mandate to prioritize, this would not have obviated the need to comply with deadlines because there still would be a need to resolve this case on an expedited basis. All attorneys must balance their work and home obligations; Mr. Mumford is no exception. Others in the case, including the court, depend on timely filings.

Therefore, for the express purpose of ensuring compliance with the schedule in the case, **within seven days of the court's ruling on the pending motions for summary judgment, new counsel who is not a member of Mr. Mumford's law firm must enter an appearance on behalf of the URP**. Mr. Mumford may remain as an attorney of record, but due to Mr. Mumford's demonstrated inability to manage deadlines and because of his repeated failure to comply with court orders throughout this case, an attorney who is not a member of Mr. Mumford's law firm must appear.

This is not a punitive measure. Rather, this is a remedial measure to help Mr. Mumford meet future deadlines. Mr. Mumford has carefully analyzed the situation, and makes it abundantly clear that he faces a significant work load and a demanding set of family circumstances. He is simply being stretched too thin and has many urgent matters that require his attention. Mr. Mumford's multiple obligations, demonstrated to be unmanageable with the present staffing in his office, require that new counsel to appear to ensure that the URP meets deadlines.

**ORDER**

IT IS HEREBY ORDERED that the State's Motion to Strike[49] is DENIED.

IT IS FURTHER ORDERED that **within seven days of the court's ruling on the pending motions for summary judgment, new counsel who is not a member of Mr. Mumford's law firm must enter an appearance on behalf of the URP.**

Dated October 22, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[49] Defendants' Motion to Strike the Utah Republican Party's Memorandum in Opposition to Motion for Summary Judgment ("Motion to Strike"), docket no. 178, filed October 13, 2015.